UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

BLANCA CRUZ,

       Plaintiff,

  -v-                                                                   No. 15 CV 7731-LTS-AJP

THE CITY OF NEW YORK, et al.,

       Defendants.

-------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER

       Plaintiff Blanca Cruz brings this action pursuant to 42 U.S.C. § 1983, asserting a false arrest claim against New York Police Department ("NYPD") Detective Milton Valerio ("Valerio").[1] Valerio now moves, pursuant to Federal Rule of Civil Procedure 56, for summary judgment dismissing Cruz's claim. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331. The Court has carefully considered the parties' submissions in connection with the instant motion practice and, for the following reasons, Valerio's motion for summary judgment is granted and the Complaint is dismissed.

## BACKGROUND

       Cruz was the tenant of record of 70 East 115th Street (the "Building"), Apartment 9A (the "Apartment") in April 2015. (Docket entry no. 35, Def.'s Stmt. of Undisputed Facts

---

[1]     Plaintiff initially brought this action against the City of New York as well, but has withdrawn that claim, leaving Valerio as the only named Defendant. (See docket entry no. 36, at p. 1 n.1.)

("Def. 56.1 Stmt."), ¶ 6.[2]) On April 15, 2015, members of the NYPD, including Valerio, executed a search warrant at the Apartment. (Id. ¶ 5.) Valerio knew when executing the search warrant that Cruz was the tenant of record of the Apartment. (Id. ¶ 6.)

On April 15, 2015, Cruz was sleeping in the apartment of an acquaintance in the Building. (Id. ¶ 8.) Upon hearing a noise, she left the acquaintance's apartment to go to the Apartment. (Id. ¶ 9.) Cruz approached the door of the Apartment and identified herself to a police officer at the front door as the "head of the house" and the "owner" of the Apartment. (Id. ¶ 10.) Cruz told the officer, "I'm the one that lives here," and told Valerio that Apartment 9A was "her apartment." (Id.)

During the course of the execution of the search warrant, NYPD officers discovered several containers they believed contain phencyclidine, an illegal narcotic commonly referred to as "PCP". (Id. ¶ 11.) These containers were found in the kitchen cabinet, the refrigerator, and the freezer of the Apartment, according to the NYPD Property Clerk Invoice. (Id. ¶¶ 11-12.) Plaintiff kept her personal prescription medication in the kitchen, including in the kitchen cabinet. (Id. ¶ 13.) NYPD officers additionally recovered a scale and grinder, which were later determined to contain marijuana residue, in the kitchen. (Id. ¶¶ 13-14.)

During discovery in this case, Cruz's son, Richard Cruz, who also lived in the Apartment, testified that any drugs in the Apartment were kept in his bedroom, not in the kitchen, freezer, or refrigerator. (Docket entry no. 44, Ex. 1, Pl.'s Response to Def.'s Stmt. of Undisputed Facts, ¶ 11(b).)

---

[2] Citations to Defendant's Statement of Undisputed Facts incorporate by reference the source of those factual assertions identified in the Statement.

Cruz was arrested at the Apartment and taken to the police precinct by van. (Id. ¶¶ 70-72.) The District Attorney of the County of New York declined the prosecution of Cruz. (Id. ¶ 74.)

DISCUSSION

Summary judgment is to be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court performs the "threshold inquiry" as to whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson, 477 U.S. at 250. "[A]ll ambiguities must be resolved and all inferences drawn in favor of the party against whom summary judgment is sought." Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1223 (2d Cir. 1994).

Valerio asserts that undisputed facts establish that he had probable cause to arrest Plaintiff. "Probable cause to arrest exists when the officers have knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." Zellner v. Summerlin, 494 F.3d 344, 368 (2d Cir. 2007). "[S]ummary judgment dismissing a plaintiff's false arrest claim is appropriate if the undisputed facts indicate that the arresting officer's probable cause determination was objectively reasonable." Jenkins v. City of New York, 478 F.3d 76, 88 (2d Cir. 2007). "If, however, on the undisputed facts the officer

would be unreasonable in concluding probable cause existed, or if the officer's reasonableness depends on material issues of fact, then summary judgment is inappropriate for both New York and federal false arrest claims." Id.

Valerio also asserts a qualified immunity defense on the ground that he had arguable probable cause to arrest Plaintiff. "Under federal law, a police officer is entitled to qualified immunity where (1) his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known, or (2) it was objectively reasonable for him to believe that his actions were lawful at the time of the challenged act." Jenkins, 478 F.3d at 87 (internal citations and quotation marks omitted). "An officer's determination is objectively reasonable if there was 'arguable' probable cause at the time of the arrest – that is, if 'officers of reasonable competence could disagree on whether the probable cause test was met.'" Id. (citation omitted). Thus, even if the undisputed material facts do not demonstrate that Valerio had probable cause to arrest Cruz, the Court may nonetheless find that Valerio is entitled to qualified immunity if he can establish that the undisputed material facts demonstrate that he had "arguable probable cause" to make the arrest. See Escalera v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004).

The Court concludes that the undisputed material facts establish that at least arguable probable cause existed to arrest Cruz, and Valerio is therefore entitled to qualified immunity in this case. The NYPD Property Clerk Invoice notes three items alleged to contain PCP that were taken from the kitchen cabinet, refrigerator, and freezer of the Apartment. This invoice is appropriately considered on summary judgment because it is a public record, and

therefore would be admissible at trial pursuant to Federal Rule of Evidence 803(8)(A)(ii).[3]  The items were found in the kitchen area of the Apartment, where Cruz kept her personal belongings, which a reasonable officer could therefore conclude was a common area over which Cruz had dominion and control sufficient to imply constructive possession that would provide at least arguable probable cause for an arrest.  See Caraballo v. City of New York, 526 F. App'x 129, 131 (2013).  Plaintiff's proffer of the testimony of Richard Cruz does not have any bearing on the relevant inquiry here, which is the knowledge that Valerio had at the time of the arrest.  See Zellner v. Summerlin, 494 F.3d 344, 369 (2d Cir. 2007); Takacs v. City of New York, 2011 WL 8771384, at * (S.D.N.Y. Jan. 24, 2011) ("[I]n the case of a probable cause determination . . . the scenario must be considered from the perspective of what the arresting officers knew or saw.").  Defendants have established sufficient undisputed material facts to demonstrate that a reasonable officer would have believed that probable cause existed to arrest Cruz for possession of contraband, and Plaintiff has not submitted any evidence that would indicate that no officer of reasonable competence would have made the same choice in similar circumstances.  See Lennon v. Miller, 66 F.3d 416, 420-21 (2d Cir. 1995).  Valerio has accordingly demonstrated entitlement to qualified immunity as a matter of law, and the Complaint must therefore be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is granted, and the Complaint is dismissed.  This Memorandum Opinion and Order resolves docket entry no.

---

[3] These materials need not be presented in fully admissible form at summary judgment, but merely capable of presentation in admissible form at the time of trial.  See Fed. R. Civ. P. 56(c)(1)(B).

34. The Clerk of Court is respectfully requested to enter judgment accordingly and close this case.

    SO ORDERED.

Dated: New York, New York
       September 1, 2017

                                              /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            United States District Judge